Allen Ray **BUTLER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17547.

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Allen Ray Butler, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Escape From a State Penitentiary; his punishment was fixed at four (4) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Warren Miller testified that he was a counselor for the Oklahoma Department of Corrections and was employed at the work release center in Oklahoma City. The defendant was assigned at the work release center as a trustee and had a job of maintaining and driving two institutional vehicles. On September 6, 1971, the defendant signed out in the log sheet that he was driving to the motor pool to gas up the car. He further testified that the defendant did not return. Defendant was apprehended by the Oklahoma City Police on September 8. He advised the defendant of his constitutional rights and the defendant stated that he had driven to Oklahoma City because of family problems.

Ronald Sherwood testified that he was employed at the work release center. At approximately 8:00 p. m. on September 6, the defendant checked out of the center for the purpose of gassing up a vehicle. Defendant called about an hour later stating that he would be delayed because of a flat tire. He testified that the defendant did not have permission to stay out except to gas up the vehicle.

Defendant testified that he did not return to the center because his ex-wife and her boyfriend were using his credit cards. He further testified that his mother had informed him that there was a warrant out for his arrest because of the use of the credit cards. He testified that he knew he could get some more time for leaving without permission but was worried that unless he got the cards back, he would be in more trouble.

■ The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is well within the range provided by law and does not shock the conscience of this Court.

The judgment and sentence is accordingly affirmed.

SIMMS, and BRETT, JJ., concur.